**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Joseph A. McKoy, ) | |
| ) | C/A No. 4:12-1663-CMC-TER |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security ) | |
| Administration,[1] ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.      The Report, filed on August 1, 2013, recommends that the decision of the Commissioner be affirmed. Dkt. No. 25. On August 19, 2013, Plaintiff filed objections to the Report. Dkt. No. 27. On September 5, 2013, the Commissioner filed a response to Plaintiff's objections. Dkt. No. 29. For reasons stated below, the court declines to adopt the Report, reverses the Commissioner's decision, and remands the matter for further proceedings.

**BACKGROUND**

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g). For ease, the court refers to the Acting Commissioner as the Commissioner.

1

Plaintiff filed an application for DIB on July 12, 2005, alleging a disability onset date of January 19, 2004. Plaintiff alleges he became disabled after he injured his back on January 19, 2004 after falling off a ladder at work while using a masonry saw. After a hearing held on July 23, 2007, the ALJ issued a decision on October 19, 2007 finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review and Plaintiff filed an action in this court. On August 28, 2009, the court remanded this case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. On June 14, 2010, an ALJ held a supplemental hearing. On September 2, 2010, the ALJ issued a decision denying Plaintiff's application for benefits. The Appeals Council denied Plaintiff's request for review. Plaintiff filed this action on June 15, 2012.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long

as it is supported by substantial evidence and reached through application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Plaintiff alleges that the ALJ (1) did not provide proper weight to his treating physicians' opinions, Drs. Lins and Welshofer, particularly for the period 2004 through mid-2005; (2) failed to properly evaluate Plaintiff's credibility; and (3) did not properly consider Plaintiff's headaches and mental impairments in the residual functional capacity ("RFC") evaluation. The Report finds that the ALJ's decision is supported by substantial evidence.

Plaintiff's primary objection to the Report is with its finding that the ALJ's decision to give little weight to the opinions of Drs. Lins and Welshofer is supported by substantial evidence. Specifically, Plaintiff argues that had the ALJ given appropriate weight to the opinions of treating physicians Drs. Lins and Welshofer (restricting Plaintiff to sedentary work), then the ALJ should have found Plaintiff disabled for a closed period between January 19, 2004 to mid-2005:

> [The ALJ] suggests that the opinions provided by the physicians were intended to be temporary, but the restrictions nonetheless covered well over a year, meaning the ALJ at a minimum should have considered a closed period of time. The ALJ's decision cites work restrictions, including the 10-pound lifting restriction, from February of 2004 through May of 2005 (Tr. 397-398). Even if the restrictions were meant to be temporary, the restrictions were placed on McKoy in February, March, April, June, July, September, October and November of 2004 (Tr. 167, 168, 173, 174-178, 180-182, 211). In December of 2004 and January through May of 2005, McKoy saw Dr. Park,

> who did not include work restrictions, but performed a spinal endoscopy and scar neuroplasty procedure in March of 2005 (Tr. 232-237). The endoscopy provided no significant relief and Dr. Park found his leg pain and numbness to be chronic. In May of 2005, McKoy returned to Dr. Welshofer who repeated the same work restrictions that had been assigned in 2004 (Tr. 183).

Dkt. No. 14 at 28 (Plaintiff's brief).

The Magistrate Judge found the ALJ's decision to assign little weight to Drs. Lins and Welshofer's opinions was supported by substantial evidence. The Magistrate Judge addresses Plaintiff's specific argument about Drs. Lins and Welshofer's opinions as to Plaintiff's ability to work during 2004-2005 in a footnote to the Report:

> There is explicit medical evidence to support the finding that Plaintiff could perform light duty since 2005. Likewise, there is explicit medical evidence that he could engage in sedentary work from 2004 to 2005. While the evidence that he could engage in light duty work from 2004-2005 is not as strong, it is not the court's duty to re-weigh the evidence but to decide if there is substantial evidence to support the ALJ's decision.

Report at 21 n.4.

In her response to Plaintiff's objections, the Commissioner argues that Plaintiff did not raise the issue of a closed period in his opening brief or in reply. Dkt. No. 29 at 1. Contrary to the Commissioner's argument, Plaintiff raised this issue in his opening brief to the Magistrate Judge, as indicated in the excerpt above.[2] Dkt. No. 14 at 28. Finding that Plaintiff has appropriately raised the argument, the court turns to the merits of Plaintiff's objection.

**Drs. Lins and Welshofer's Opinions.** Dr. Lins and Welshofer of Total Spine Specialists were Plaintiff's treating physicians after his fall, which occurred on January 19, 2004. Tr. 167-183. The administrative record contains Plaintiff's medical records from Total Spine Specialists, beginning

---

[2] In his pre-hearing brief submitted to the ALJ, Plaintiff said he was not seeking disability for a closed period. However, Plaintiff did raise the issue of consideration of a closed period in his letter to the Appeals Council. Tr. 521.

February 9, 2004 and ending May 31, 2005.

On February 9, 2004, Dr. Welshofer opined that Plaintiff could not "lift, pull, push or carry greater than 10 pounds, occasional bending, allow position changes as needed." Tr. 167. He "anticipate[d] this will take approximately 8 to 12 weeks for resolution of symptoms enough that he can return to unrestricted duty." *Id.* On March 1, 2004, Dr. Welshofer "continue[d] him at sedentary duty."[3] Tr. 168. On April 5, 2004, Dr. Welshofer opined that Plaintiff could not "lift, pull, push or carry greater than 10 pounds." Tr. 173. On June 1, 2004, Dr. Welshofer referred Plaintiff for a surgical consultation and kept Plaintiff at "sedentary duty, no lifting, pushing, pulling or carrying greater than 10 pounds, and occasional bending." Tr. 174. On June 2, 2004, Dr. Lins evaluated Plaintiff for surgery and noted that "[h]is work restrictions are unchanged." Tr. 175. On July 30, 2004, eight days after Plaintiff's diskectomy, Dr. Lins noted that he "will see [Plaintiff] back in four weeks at which time he will return to light-duty work. He is not to return to work at this time." Tr. 177. On September 3, 2004, Dr. Lins explained that "[w]ork restrictions are as enumerated on the work restriction form. . . . See him back in four weeks for further advancement of his work restrictions."[4] Tr. 178. On October 1, 2004, Dr. Lins noted that "[w]ork restrictions are per the work restriction form." Tr. 180. On October 15, 2004, Dr. Lins again referred to a "work restriction form." Tr. 181. There is a work restriction form dated October 15, 2004, which states that Plaintiff should

---

[3] The ALJ found that Plaintiff was capable of light work. Plaintiff argues that he was only capable of sedentary work from 2004 to mid 2005. The basic distinction between "light work" and "sedentary work" is "the weight-lifting ability of the claimant: 'sedentary work' involves 'lifting no more than 10 pounds at a time' and 'light work' includes 'lifting no more than 20 pounds at a time.'" *Lee v. Sullivan*, 945 F.2d 687, 693 (4th Cir. 1991) (quoting 20 C.F.R. § 404.1567(a) & (b)).

[4] The court has not located the "work restriction form" referenced by Dr. Lins. *See also* Report at 8 n.8 ("It is not clear what 'work restriction form' Dr. Lins was referring to on September 2004.").

5

not lift, push, pull, or carry more than 10 pounds, and that he is limited to working four hours a day. Tr. 211. On November 12, 2004, Dr. Lins opined that "[w]ork restrictions are unchanged." Tr. 182. On May 31, 2005, Dr. Welshofer opined that Plaintiff "can work at the present time with no lift, push, pull, or carry greater than 10 pounds with occasional bending and positional changes as necessary." Tr. 183.

The ALJ gave "little weight to the specific functional limitations given [by Drs. Lins and Welshofer], such as the 10 pound lifting limit, because they are inconsistent with the other evidence in the record, including their own treatment notes and the claimant's demonstrated ability at the functional capacity examinations. The treatment records show that these restrictions applied to the period before and immediately after the claimant's surgery and that it was anticipated that they would be changed afer the functional capacity evaluation." Tr. 397. The ALJ reviewed the treatment notes from Plaintiff's visits with Drs. Lins and Welshofer and concluded that the restrictions were "intended to be temporary, . . . and that [although his] functional capacity was limited, as shown by these restrictions, after his injury[,] . . . his medical condition and functional capacity improved after his surgery and within 12 months of his alleged date of disability onset." Tr. 398.

Instead of giving substantial weight to Plaintiff's treating physicians' opinions on Plaintiff's functional limitations, the ALJ relied on "two functional capacities evaluations" completed by Plaintiff's physical therapists in June 2005 and June 2006. Based on those evaluations, the ALJ concluded that Plaintiff was able to perform light work and was, therefore, not disabled.

The ALJ did not cite, and the court is unaware of, any opinion evidence between Dr. Lins's final treatment note in November 2004 and Dr. Welshofer's treatment note on May 31, 2005. Further, the ALJ did not cite, and the court is unaware of, any contradictory opinion evidence between the

alleged date of disability (January 19, 2004) and mid-2005. The court, therefore, finds that the ALJ's reliance on opinion evidence from physical therapists dated June 2005 and June 2006 to determine Plaintiff's RFC during 2004 to mid-2005 is not supported by substantial evidence. The court, therefore, reverses the Commissioner's decision and remands the matter to the ALJ to properly consider whether Drs. Lins and Welshofer's opinions support a finding that Plaintiff was disabled for a closed period at some point in 2004 and 2005.

**Other Objections.** Plaintiff also objects to the Report's findings that the ALJ properly evaluated his credibility and properly considered the impact of Plaintiff's headaches and mental impairments on his RFC. In light of the court's remand to consider whether Plaintiff was disabled for a closed period, the ALJ is directed to evaluate Plaintiff's credibility and the effect of his headaches and mental impairments on his RFC as it relates to 2004 to mid-2005.

## CONCLUSION

For reasons set forth above, the court declines to adopt the Report and Recommendation of the Magistrate Judge. The court reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and remands the case to the Commissioner for further proceedings consistent with this order.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 13, 2013