**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Joseph A. McKoy,                               ) | C/A No. 4:12-1663-CMC-TER |
|                                                            ) | |
|       Plaintiff,            ) | |
|                                                            ) | |
| v.                                                      ) | |
|                                                            ) | **OPINION & ORDER** |
| Carolyn W. Colvin,                              ) | |
| Acting Commissioner of Social Security  ) | |
| Administration,[1]                                ) | |
|                                                            ) | |
|       Defendant.         ) | |
| _____) | |

This matter is before the court on Plaintiff's petition for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff seeks an award of attorney's fees in the amount of $4,754.50, representing 25.7 attorney hours at an hourly rate of $185.00, expenses in the amount of $16.00, and costs in the amount of $7.00. Defendant ("Commissioner") does not object to the payment of costs. Defendant does, however, object to the award of attorney's fees and expenses, arguing that Plaintiff is not entitled to an award because the Commissioner's position in this case was substantially justified. For reasons set forth below, the court denies Plaintiff's motion.

**BACKGROUND**

Plaintiff applied for Disability Insurance Benefits ("DIB") on July 12, 2005. The Administrative Law Judge ("ALJ") issued a decision denying benefits on October 19, 2007, which became the final decision of the Commissioner of Social Security when Plaintiff's request for review

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g). For ease, the court refers to the Acting Commissioner as the Commissioner.

was denied by the Appeals Council. Plaintiff filed an action in this court, and on August 28, 2009, the court remanded his case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. An ALJ held a supplemental hearing on June 14, 2010, and issued a decision denying Plaintiff's application for benefits on September 2, 2010. The Appeals Council denied Plaintiff's request for review.

Plaintiff filed this action on June 15, 2012. Dkt. No. 1. On August 1, 2013, Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation ("Report"), recommending that the Commissioner's decision be affirmed. On September 13, 2013, this court declined to adopt the Report, and instead reversed the Commissioner's decision and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 31. Finding error in relying on two physical therapists' opinions dated June 2005 and 2006 to determine Plaintiff's residual functional capacity ("RFC") from 2004 to mid-2005, the court remanded the matter "to the ALJ to properly consider whether Drs. Lins and Welshofer's opinions support a finding that Plaintiff was disabled for a closed period at some point in 2004 and 2005."[2]  *Id.* at 7.

### STANDARD

Under the EAJA, a court is directed to award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2006). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th

---

[2] In light of remand, the court directed the ALJ to evaluate Plaintiff's credibility and the effect of his headaches and mental impairments on his RFC, as related to 2004-mid 2005.

2

Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). When determining whether the government's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993).

## DISCUSSION

Plaintiff alleged three errors in this action: (1) the ALJ did not provide proper weight to his treating physicians' opinions, Drs. Lins and Welshofer, particularly for the period 2004 through mid-2005; (2) the ALJ failed to properly evaluate Plaintiff's credibility; and (3) the ALJ did not properly consider Plaintiff's headaches and mental impairments in the residual functional capacity ("RFC") evaluation. The court reversed the Commissioner's decision based on Plaintiff's first allegation of error. As to this issue, the Commissioner argued that Drs. Lins and Welshofer's opinions as to Plaintiff's functional limitations were correctly accorded little weight because Drs. Lins and Welshofer's treatment notes showed that Plaintiff was improving after his back surgery in July 2004, and because Dr. Lins released him to work in August 2004. As to this issue, the Magistrate Judge concluded that the ALJ's treatment of Drs. Lins and Welshofer's opinions on functional limitations was supported by substantial evidence, explaining that treatment notes indicated improvement and other medical providers opined that Plaintiff could perform light duty.

The undersigned, however, found that the ALJ did not properly consider whether Drs. Lins and Welshofer's opinions supported a finding of disability for a closed period. Drs. Lins and Welshofer treated Plaintiff after he fell off a ladder at work in January 2004. Both physicians

imposed work restrictions during 2004 and through mid-2005. The ALJ gave little weight to Drs. Lins and Welshofer's opinions on Plaintiff's functional limitations, concluding that the restrictions were "intended to be temporary" and that Plaintiff's "medical condition and functional capacity improved after his surgery and within 12 months of his alleged date of disability onset." Tr. 398. The ALJ instead relied on opinion evidence provided by two physical therapists, dated June 2005 and 2006, without citing any contradictory opinion evidence from 2004 to mid-2005.

After reviewing the treatment notes of Drs. Lins and Welshofer, the court found that Drs. Lins and Welshofer continued to place work restrictions on Plaintiff during 2004 and through mid-2005. Despite certain notes of progress after Plaintiff's surgery, the physicians continued to limit Plaintiff to sedentary work, and often a restricted range of sedentary work, during this time period. Although there is a prediction by Dr. Lins that Plaintiff would be released to light duty in late August 2004 (Tr. 177), the treatment notes do not suggest that he was actually released.[3] On a work restriction form dated October 15, 2004, Plaintiff was limited to sedentary duty, at no more than four hours a day. Tr. 211. On November 12, 2004, Dr. Lins opined that "[w]ork restrictions are unchanged." Tr. 182. On May 31, 2005, Dr. Welshofer opined that Plaintiff "can work at the present time with no lift, push, pull, or carry greater than 10 pounds with occasional bending and positional changes as necessary." Tr. 183. In light of the above, the court reversed the Commissioner's decision and remanded the matter for the ALJ to properly consider whether Drs.

---

[3] On July 30, 2004, eight days after Plaintiff's diskectomy, Dr. Lins noted that he "will see [Plaintiff] back in four weeks at which time he will return to light-duty work. He is not to return to work at this time." Tr. 177. At Plaintiff's follow-up appointment on September 3, 2004, Dr. Lins did not state that Plaintiff was released to return to light duty. Rather, Dr. Lins' treatment notes reference a work restriction form. The court was unable to locate a work restriction form dated September 2004.

Lins and Welshofer's opinions support a finding that Plaintiff was disabled for a closed period at some point in 2004 and 2005.

Defendant argues that the Commissioner's position was substantially justified, citing the disagreement between the undersigned and the Magistrate Judge. While not determinative, the fact that the Magistrate Judge recommended that the Commissioner's decision be affirmed suggests that the Commissioner's position was substantially justified. *See Levine v. Astrue*, No. 09-1737-HMH-PJG, 2010 WL 3522383, at *2 (D.S.C. Sept. 3, 2010) (noting that magistrate judge's recommendation to affirm and district court's decision to reverse and remand supported defendant's argument that Commissioner's position was substantially justified). Although ultimately not convincing, the court finds that the Commissioner presented a reasonable argument in light of the record. Considering the totality of the circumstances, the court finds that the Commissioner's position was substantially justified, *i.e.*, "justified to a degree that could satisfy a reasonable person." *See Pierce v. Underwood*, 487 U.S. at 565. Plaintiff's petition for EAJA fees is, therefore, denied.

## CONCLUSION

For reasons set forth above, the court finds that the Commissioner's position was substantially justified and denies Plaintiff's petition for attorney's fees and expenses pursuant to the EAJA (Dkt. No. 33). The court does, however, award Plaintiff costs in the amount of $7.00.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 19, 2013